**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRANK J. SHELTON, ET AL.,**<br><br>          Plaintiffs,<br><br>     vs.<br><br>**AIR & LIQUID SYSTEMS CORPORATION, ET AL.,**<br><br>          Defendants. | Case No.: 4:21-cv-04772-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No.82 |

Plaintiffs Frank J. Shelton, Jr., and Jennifer Schuyler bring this amended complaint against defendants Air & Liquid Systems Corporation; Alfa Laval, Inc.; Armstrong International, Inc.; BW/IP, Inc.; Carrier Corporation; Caterpillar Inc.; CLA-VAL Co.; Cleaver-Brooks, Inc.; Copes-Vulcan, Inc.; Crane Co.; Crane Environmental, Inc.; Dezurik, Inc.; Electrolux Home Products, Inc.; Flowserve US Inc.; FMC Corporation; Foster Wheeler Energy Corporation; Gardner Denver Nash LLC; General Electric Company; The Goodyear Tire & Rubber Company; Grinnell LLC, Hopeman Brothers, Inc.; IMO Industries, Inc.; ITT LLC; John Crane, Inc.; Johnson Controls, Inc.; M. Slayen and Associates, Inc.; Metropolitan Life Insurance Company; SPX Corporation; Superior-Lidgerwood-Mundy Corporation; Taco, Inc.; Velan Valve Corp.; Viacomcbs, Inc.; VIAD Corp.; Warren Pumps, LLC; Weir Valves & Controls USA, Inc.; and The William Powell Company alleging that Shelton was exposed to asbestos during the course of his time with the United States Navy. Plaintiffs assert six causes of action: (1) negligence; (2) breach of implied warranty; (3) strict liability; (4) fraud and concealment; (5) conspiracy to defraud and failure to warn; and (6) loss of consortium. (*See* Dkt. No. 1-1) ("Complaint" or "Compl.")

/// ///

Now before the Court is defendant Superior Lidgerwood Mundy Corporation's ("SLM") motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(2).  (*See* Dkt. No. 82.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND**.

## I. BACKGROUND

The complaint alleges the following:

Shelton served in the Navy from approximately the mid-1960s to the early 1970s.  (Compl. ¶ 5.)  During his time with the Navy, Shelton worked as a Machinist Mate while stationed aboard the USS Constellation, USS Repose, and USS Haleakala, where he regularly and routinely performed maintenance and repairs to various equipment in the machinery spaces to which he was assigned.  (*Id.*)  Shelton was tasked with disturbing, sanding, scraping, cutting and abrading asbestos-containing components of the equipment.  (*Id.*)  As a result, Shelton was exposed to asbestos-containing products and developed malignant mesothelioma as a result of the exposure. (*Id*. ¶ 6.)

## II. LEGAL STANDARD

A motion brought under Federal Rule of Civil Procedure 12(b)(2) challenges a court's exercise of personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).  Where no federal statute governs personal jurisdiction, the Court applies the law of the state in which it sits.  *Schwarzenegger v. Fred Martin Motor, Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  California law allows for the exercise of "jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." Cal. Civ. Proc. Code § 410.10.  As such, for a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).  "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones,* 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).  Personal jurisdiction may be either general or specific.  *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014.)

General jurisdiction allows a court to assert jurisdiction over an individual to hear all claims

pertaining to the defendant. *Id.* at 137.  General jurisdiction only attaches in the state where the defendant is domiciled. *Id.*  By contrast, specific jurisdiction allows a court to hear claims arising out of, or related to, defendant's contacts with the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  The Ninth Circuit applies a three-prong test to determine whether a non-resident defendant's activities are sufficiently related to the forum state to establish specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  With respect to the first part of this test, "purposeful direction" and "purposeful availment" are two distinct concepts: courts generally use a purposeful direction analysis in cases sounding in tort but a purposeful availment analysis in cases sounding in contract. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020).  Purposeful direction questions are analyzed using the "effects" test established in *Calder v. Jones*, 465 U.S. 783.  The "effects" tests asks whether defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*

### III.  ANALYSIS

Plaintiffs aver that SLM's act of placing its pumps in the stream of commerce, without more, is enough to warrant personal jurisdiction.  In the Ninth Circuit, the sale of a product to a state resident alone is insufficient to establish personal jurisdiction.  In *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007), the Ninth Circuit noted, citing *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987), that:

> [t]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state.  Even a

> defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state.
>
> ....
>
> Nor do the allegations against Wartsila Finland support a theory of purposeful availment. Asahi requires "something more" than the mere placement of a product into a stream of commerce, and Holland America has failed to demonstrate the requisite extra showing here.

Here, the complaint allegations in support of specific jurisdiction are basic. It alleges that SLM as well as some of the other defendants:

> were or are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction...and each of them, were and are authorized to do and are doing business in the State of California, that said defendants have regularly conducted business in the County of Alameda, State of California, and that certain of said defendants presently designate and have at pertinent times have designated the County of Alameda as their principal place of doing business within the State of California.

(Compl. ¶ 53.)

SLM submitted a declaration from its Vice President and Chief Financial Officer disputing all of plaintiffs' allegations pertaining to personal jurisdiction. *See* Declaration of Arthur Woodman ("Woodman Decl.")  In essence, SLM's declaration states that: SLM is not headquartered in California, nor does SLM have its principal place of business in California; SLM has never manufactured its products in California; SLM has never sold its pumps in California on a retail or commercial basis; SLM's manufacturing facilities are located solely in Wisconsin; SLM is not licensed to do business in California, and does not have an agent for service of process in California; SLM does not own any real estate in California, and does not have any employees, agents, or bank accounts in the state of California; and that SLM sold and shipped a total of 213 pumps to California in various years between 1978 and 1986 and then a winch in 2011 and 2017. (*Id*. ¶¶ 2-10.)  Thus, according to SLM, the only connection it has with California is its sell of 213 ship pumps to a United States Navy Contract and one winch to Los Angeles, County. *Id*. ¶ 10.

Plaintiffs argue that these business transactions are enough to warrant personal jurisdiction over SLM. The Court disagrees. In opposing the motion to dismiss, plaintiffs do not provide evidence to refute any of the facts SLM alleges in its declaration. Plaintiffs have not sufficiently alleged that SLM purposefully directed its activities at California. Further, plaintiffs have not alleged facts sufficient to show that SLM's shipment of the pumps and winch to a United States Navy Contractor and Los Angeles County are sufficient contacts with the forum. For instance, there are no allegations pertaining to whether SLM engaged in any additional acts such as advertising in the forum, designing of the product for the market in the forum, or the use of a sales agent in the forum to help distribute and sell the product. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987).

Without more, the Court finds that plaintiffs have failed to make a *prima showing*, either through pleading facts, or through evidence, that SLM has sufficient contacts with California. Accordingly, the Court **GRANTS** SLM's motion to dismiss with **LEAVE TO AMEND**.

Plaintiff's request for jurisdictional discovery is granted. If appropriate, plaintiff shall file an amended complaint by January 10, 2022. Defendant shall respond within twenty-one (21) days thereafter.

**IT IS SO ORDERED**.

Dated: September 15, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**