1  Jordan Blumenfeld-James, Esq. (CSB No. 235185)
   **DEAN OMAR BRANHAM SHIRLEY, LLP**
2  302 N. Market Street, Suite 300
   Dallas, Texas 75202
3  Telephone: (214) 722-5990
   Facsimile:  (214) 722-5991
4  jdean@dobslegal.com
   jbj@dobslegal.com
5
   Attorneys for Plaintiffs
6

7              **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9

10                                          |  Case No. 4:21-cv-04772-YGR
    FRANK J. SHELTON, JR. and
11  JENNIFER SCHUYLER,
                                            |  **JOINT RULE 26(F) REPORT AND**
12              Plaintiffs,                 |  **INITIAL CASE MANAGEMENT**
                                            |  **CONFERENCE STATEMENT**
13       vs.

14  AIR & LIQUID SYSTEMS
    CORPORATION, et al.
15
                Defendants.
16

17

18     **TO THE HONORABLE COURT:**

19          Counsel for Plaintiffs Frank J. Shelton, Jr. and Jennifer Schuyler (collectively

20  "Plaintiffs") and Defendants (collectively "Defendants," and together with "Plaintiffs," known

21  as the "the Parties") have met and conferred as required by the Federal Rules of Civil

22  Procedure 26(f), Civil Local Rule 16-9, and the Standing Orders for All Judges of the Northern

23  District of California.  The Parties hereby submit the following Joint Rule 26(f) Report and

24  Initial Case Management Conference Statement:

25          Where applicable, the Joint Report provides the parties' differing proposals and/or

26  positions in sub-sections identified as "Plaintiffs' Proposal" and "Defendants' Proposal."

27  Neither side contributes to, or approves of, the language in any of the opposing party's sub-

28

1  sections.  Nor do they agree with the assertions made in any of the opposing party's sub-
2  sections.

3      **1. Jurisdiction and Venue**:

4      Plaintiffs filed this case for personal injury in the Alameda County Superior Court on
5  May 6, 2021, bringing causes of action for (1) Negligence; (2) Breach of Implied Warranty;
6  (3) Strict Liability; (4) Fraud & Concealment; (5) Conspiracy to Defraud and Failure to Warn;
7  and (6) Loss of Consortium.  Plaintiffs are also claiming punitive damages against Defendants.
8  Plaintiffs' Summons and Complaint was subsequently served on all Defendants.

9      Defendant Viad Corp. removed the Action to this Court on June 22, 2021, and was
10  assigned Case Number 4:21-cv-04772-YGR.  (Dkt. 1.) Defendant Viad Corp. removed the
11  Action pursuant to 28 U.S.C. sections 1442(a)(1) and 1446(a), alleging that it was acting under
12  an officer or agency of the United States within the meaning of 28 U.S.C. section 1442(a)(1)
13  when it designed, manufactured, and sold equipment to the United States Navy. (*Id*.) Joining
14  in defendant Viad Corp.'s removal are defendants Foster Wheeler Energy Corporation (Dkt.
15  19), Alfa Laval, Inc. (Dkt. 32), ViacomCBS Inc. (Dkt. 40), Crane Co. (Dkt. 42), General
16  Electric Company (Dkt. 99).  Since removing the Action, Viad Corp. has resolved.  (*See* Dkt.
17  191.)

18      **2**. **Facts of Case:**

19      This case was filed as a personal injury action brought by Frank J. Shelton, Jr. and his
20  wife Jennifer Schuyler. Plaintiffs allege that Mr. Shelton was diagnosed with pleural
21  mesothelioma, a terminal cancer of the lining of the lung associated with exposure to asbestos.
22  Plaintiffs filed the instant action against the defendants who manufactured, sold, distributed,
23  or specified asbestos-containing products that Plaintiffs allege Mr. Shelton worked with and
24  around during his time in the United States Navy from the mid-1960s to the early 1970s.
25  Plaintiffs further allege that during, and throughout these years, Mr. Shelton worked as a
26  Machinist's Mate while stationed aboard the USS Constellation, USS Repose, and USS
27  Haleakala, where he regularly and routinely personally performed maintenance and repairs to

28

JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

the various equipment in the machinery spaces to which he was assigned, as well as being around others who performed the same work in his presence, and that this work involved disturbing, sanding, scraping, cutting and otherwise abrading asbestos-containing components of the equipment, including, but not limited to, gaskets, packing, and insulation.  Plaintiffs allege that Defendants are strictly liable and liable in negligence for Mr. Shelton's mesothelioma based on the failure to warn of the dangers of their products, and based on the defective and/or negligent design of their products.

Defendants, each and all, generally deny that Plaintiff Frank Shelton inhaled any asbestos fibers released from products that they manufactured, sold, supplied or utilized and deny that any such exposure was a substantial factor in causing his alleged injury, the diagnosis of which will itself be the subject confirmation via expert discovery. Defendants deny that Plaintiffs suffered damages that were caused by any action or failure to act by each defendant, and offer numerous affirmative defenses to Plaintiffs' causes of action and prayer for punitive damages.  Some defendants contend that they did not have a duty to Plaintiffs and/or that they were acting under the authority, direction, and control of a federal officer or agency of the United States and have no liability for Plaintiffs' claims based upon the government contractor and/or sovereign immunity defenses.

This case is complex and will involve a number of witnesses, including expert witnesses.  The complexities of the case are somewhat ameliorated by the fact that counsel for the various parties are familiar with the legal and medical issues involved in asbestos lawsuits like this one.

**3.  Legal Issues:**

*Plaintiffs' Position.*

Defendants have the identical burden of proof regarding causation as Plaintiffs with respect to the joint tortfeasors, if any, Defendants contend caused or contributed to Mr. Shelton's mesothelioma. *Soto v. BorgWarner Morse TEC Inc.* (2015) 239 Cal.App.4[th] 165, 205. In other words, Defendants have the burden of establishing, as to each joint tortfeasor

JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

1  they contend is responsible for Mr. Shelton's mesothelioma, that Mr. Shelton inhaled asbestos

2  fibers, for which each such tortfeasor is responsible, in an amount and fiber type that was a

3  substantial factor in causing his mesothelioma. *Id.*

4       Additionally, if asked in discovery, Defendants must disclose the identity of any joint

5  tortfeasors they contend caused or contributed to Mr. Shelton's mesothelioma. Failure to do

6  so may preclude Defendants from attempting to apportion fault at trial to a joint tortfeasor

7  willfully omitted from an answer to written discovery. *Thoren v. Johnson* (1972) 29

8  Cal.App.3d 270.

9       *Defendants' Position.*

10       The scope of legal issues that may arise in this action have not been conclusively

11  established.  However, based on the information available to the Parties at this time, the

12  following legal issues are identified:

13     1.  Whether any of the Defendants designed, manufactured, sold, or supplied raw

14        asbestos, asbestos-containing products, or products designed to be exclusively used

15        with asbestos components that were the legal cause of Mr. Shelton's alleged illness;

16     2.  Whether any of the Defendants can be held liable for any asbestos-containing

17        components and affiliated parts manufactured and supplied by others;

18     3.  Whether any Defendants are liable for any failure to warn of hazards allegedly

19        associated with working with or around asbestos-containing products;

20     4.  Whether any of the Defendants are liable under a strict liability theory of recovery;

21     5.  Whether any of the Defendants are liable under a negligence theory of recovery;

22     6.  Whether any of the Defendants' alleged negligence was a substantial factor in

23        causing Plaintiff's alleged injury and, if so, to what extent;

24     7.  Whether any of Plaintiffs' claims are barred by any of the affirmative defenses

25        asserted by any given Defendant;

26     8.  Whether Plaintiffs are entitled to the damages they seek, including punitive

27        damages, and if so, the extent of any damages;

28

9. Whether maritime law applies as a result of Mr. Shelton's exposure occurring aboard various Naval vessels;

10. Whether Defendants are immunized from any liability in this case by operation of the government/military contractor defense under federal common law;

11. Whether Defendants are excused of any duty it might otherwise have owed Plaintiff under maritime law by operation of the sophisticated purchaser doctrine; and,

12. The Navy's unforeseeable negligence in failing to adequately warn or protect Plaintiff from known asbestos hazards was a superseding or intervening cause of Decedent's injury, severing any causal relationship between Defendants' conduct and Plaintiff's injuries.

**4. Motions:**

Defendant Superior Lidgerwood Mundy filed a motion to dismiss for lack of personal jurisdiction. The Court issued a written decision on the papers. (Dkt. 196.) No other motions have been filed to date.

*Plaintiffs' Position.*

Plaintiffs anticipate filing various discovery motions. Certain defendants routinely refuse to provide substantive, non-evasive, and complete responses to written discovery or produce any documents. Others refuse to produce their 30(b)(6) witness for deposition without extensive motion practice. Plaintiffs may file motions for disclosure of the financial condition of certain Defendants. See CCP § 3295(c). Plaintiffs will also likely file motions for summary adjudication of Defendants' affirmative defenses. For example, the sophisticated user/intermediary defense has no applicability because, Plaintiffs anticipate, there will be no evidence that Defendants actually and reasonably relied on any sophisticated intermediary to convey warnings to end users (i.e., the second prong of the sophisticated intermediary defense). *Webb v. Special Electric* (2016) 63 Cal.4th 167, 192-193.

Plaintiffs may file Motions *in limine*/*Daubert* Motions prior to trial.

*Defendants' Position.*

It is anticipated that Defendants will file either motions for summary judgment and/or motions for summary adjudication of issues.  Given the number of defendants and the potential issues which may be unique to certain defendants or subsets of defendants, defendants may seek leave to file more than one motion per side.

In addition, the Parties may file discovery motions for the production of documents and/or witnesses.  Defendants may intend to file Motions in Limine/ Daubert Motions prior to trial.  Defendants may also seek to bifurcate punitive damages.

**5.  Evidence Preservation:**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Federal Rules of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

**6.  Disclosures:**

The Parties will make timely disclosures in compliance with Federal Rules of Civil Procedure 26(a)(1)(A) & (C).

**7.  Discovery**

*Plaintiffs' Position.*

Plaintiffs anticipate taking the deposition of Mr. Shelton, Defendants' 30(b)(6) witnesses, as well as the depositions of some of Mr. Shelton's shipmates. Mr. Shelton's wife, Jennifer Schuyler, and children, Phillip Shelton, Franziska R. Shelton, Matthew Schuyler-Scheerer, and Michael Scheerer, will be produced for deposition when requested.

For the deposition of plaintiff Frank Shelton, the Parties have agreed that Defendants shall have fifteen (15) hours for cross-examination of Mr. Shelton. (See Fed. R. Civ. P. 30(d)(1) ["The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent …"].)

1

*Defendants' Position.*

2

    a.  Plaintiff Frank Shelton's Deposition

3

    For the deposition of plaintiff Frank Shelton, Defendants shall have twenty (20) hours

4

for cross-examination of Mr. Shelton.  Defendants do not waive their right to seek additional

5

time if necessary. (See Fed. R. Civ. P. 30(d)(1) ["The court must allow additional time

6

consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent …"].)

7

    b.  Other Percipient Witness Depositions

8

    Defendants also anticipate depositions of plaintiff Jennifer Schuyler, Mr. Shelton's yet-

9

to-be-determined Navy shipmates, and potentially other members of Mr. Shelton's family

10

and/or certain individuals among Mr. Shelton's various medical providers.   Additional

11

percipient witnesses may become known throughout the course of investigation and discovery.

12

    c.  Expert Witnesses

13

    Subpoenas will not be required for depositions of retained experts disclosed pursuant

14

to Federal Rules of Civil Procedure, Rule 26 ("Disclosed Experts"), and a notice of deposition

15

to the designating party will be sufficient. Moreover, all Parties who have participated in the

16

disclosure of experts are deemed to have noticed the depositions of the opposing Party's

17

Disclosed Experts. Depositions of Disclosed Experts shall be conducted promptly and in an

18

orderly manner.

19

    The Parties shall promptly offer their Disclosed Experts for deposition and shall: (1)

20

allow the opposing side at least until 5:00 p.m. on the second business day after the offer to

21

respond to such an offer; and (2) make every effort to provide a minimum of three (3) court

22

days' notice of the offered deposition.

23

    Absent an order of the Court, or agreement of the Parties, the number of depositions of

24

Disclosed Experts actually taken should not exceed three (3) per day.

25

26

27

28

1

    d.  Total Number of Depositions

2         Under Federal Rules of Civil Procedure, Rule 30(1)(2)(A), each side is limited to 10

3  depositions without leave of court or without stipulation. The Parties have agreed that

4  depositions of parties and retained experts shall not count against this limitation.

5     **9.  Class Actions**

6     Not applicable to this action.

7     **10.  Related Cases**

8     There are no known related cases to this action.

9     **11. Relief**

10    Plaintiffs bring claims for economic and non-economic damages, as well as punitive

11  damages. Elements of Mr. Shelton's claimed economic damages include future loss of income,

12  past and future loss of Mr. Shelton's household services, past and future losses associated with

13  Mr. Shelton's medical care resulting from his alleged asbestos-related illness.  Plaintiff Jenifer

14  Schuyler's loss of consortium claim is for past and future non-economic damages associated

15  with the loss of care, comfort, and support due to Mr. Shelton's alleged asbestos-related illness.

16  As detailed above, Defendants contend that Plaintiffs' claims for past medical damages should

17  be limited to the amounts actually paid by or on Mr. Shelton's behalf, and not the amounts that

18  were billed by his medical providers. *Howell v. Hamilton Meats, Inc.*, 52 Cal. 4th 541 (2011);

19  *Bermudez v. Ciolek*, 237 Cal. App. 4th 1311, 1330 (2015).  Defendants will also challenge

20  Plaintiffs' claims for punitive damages on factual and legal grounds.

21     **12. Settlement and ADR**

22     The Parties agree that this case is not amenable for mediation or arbitration. Efforts

23  will be made to settle or resolve the case after the completion of discovery in this action, and

24  no specific plan is needed for maximizing settlement prospects as counsel for all parties have

25  significant experience in resolving asbestos-related actions. The Court, on July 12, 2021,

26  entered an Order referring the case to Magistrate Judge Jacqueline Scott Corley to conduct a

27  Settlement Conference.

28

**13.  Consent to Magistrate Judge for All Purposes**

There is not unanimous consent among the parties as to the submission of this matter to a Magistrate Judge.

**14. Other References**

None at this time.

**15. Narrowing of Issues**

At this juncture, the parties are unaware of any issues that can be narrowed prior to the close of discovery.

Defendants may seek to bifurcate the punitive damages phase of trial.

**16.  Expedited Trial Procedure**

*Plaintiffs' Position.*

Plaintiffs may move for an expedited trial, should Mr. Shelton's healthy necessitate such a motion.

*Defendants' Position.*

*This complex case is not suitable for the Expedited Trial Procedure.*

**17. Scheduling**

| <u>Matter</u> | <u>Parties' Proposed Dates</u> |
|---|---|
| Trial Date (Jury) <br> Estimated Length: <u>15-20</u> Days | Plaintiffs: Monday, July 5, 2022 <br><br> Defendants: Monday, October 3, 2022 at 8:00 a.m. |
| Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Questions and | Plaintiffs: Friday, June 24, 2022 at 9:00 a.m. or 9:30, as preferred by the Court <br> Defendants: Friday, September 16, 2022 at 9:00 a.m. or 9:30, as preferred |

| | |
|---|---|
| Agreed- To Statement of Case; File Witness List, Exhibit List, and Trial Brief<br><br>Pretrial Conference, Joint Pretrial Conference Statement | by the Court (Cf. YGR Standing Order in Civil Cases, Para. 2c (9:30), with YGR Standing Order re: Pretrial Instructions in Civil Cases, Para. 1 (9:00).)<br><br>Pretrial Conference Statement due 14 days prior to PTC.<br><br>All parties to meet and confer 21 days prior to PTC [probably sooner to discuss the PTC Statement and the Trial Readiness Filings and Binder]. |
| Pretrial Compliance Hearing | Plaintiffs: Friday, June 17, 2022<br><br>Defendants: Friday, September 9, 2022<br><br>Joint Statement re pretrial compliance due 5 business days prior to compliance hearing. |
| Trial Readiness Filings, Binder, and Proposed Order Thereon | Plaintiffs: Due by 12:00 p.m., Friday, June 17, 2022<br><br>Defendants: Due by 12:00 p.m., |

JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| | Friday, September 9, 2022 |
| Last Day to Meet and Confer Re MILS/ evidentiary issues | (Per Standing Order, paragraph 23)<br><br>Defendants: As per Standing Order re: Pretrial Instructions in Civil Cases |
| Last Day to File Motions in Limine and to Designate Former Testimony<br><br>Motions in Limine | Plaintiffs: Exchange MILs Friday, May 20, 2022 (28 days prior to PTC)<br><br>Parties to meet and confer re MILs Friday, May 27, 2022<br><br>File MILs Friday, June 3, 2022 (14 days prior to PTC)<br><br>File and serve oppositions Wednesday, June 8, 2022 (9 days prior to PTC)<br><br>MIL Binder to be delivered to Court by 12:00 p.m., Friday, June 10, 2022 (7 days prior to PTC)<br><br>Defendants: Exchange MILs Friday, August 19, 2022 (28 days prior to PTC) |

JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| | Parties to meet and confer re MILs Friday, August 26, 2022<br><br>File MILs Friday, September 2, 2022 (14 days prior to PTC)<br>File and serve oppositions Wednesday, September 7, 2022 (9 days prior to PTC)<br><br>MIL Binder to be delivered to Court by 12:00 p.m., Friday, September 9, 2022 (7 days prior to PTC) |
| Oppositions to Motions in Limine and Objections to Former Testimony | Plaintiffs: See above re MILs, Trial Readiness Filings<br><br>Defendants: See above re MILs, Trial Readiness Filings |
| Last Day to Conduct Settlement Conference | Plaintiffs: January 17, 2022<br>Defendants: June 3, 2022<br>per Court availability |
| Last Day to Amend Pleadings or Add Parties | Plaintiffs: January 15, 2022<br>Defendants: January 7, 2022 |

JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| Fact Discovery Cut-Off | Plaintiffs: January 22, 2022<br><br>Defendants: March 4, 2022 |
| Plaintiffs' Expert Reports | Plaintiffs: January 29, 2021<br><br>Defendants: March 18, 2022 |
| Defense Expert Reports | Plaintiffs: February 5, 2022<br><br>Defendants: April 1, 2022 |
| Rebuttal Expert Reports | Plaintiffs: February 19, 2022<br><br>Defendants: April 15, 2022 |
| Deadline to Depose Plaintiffs' Experts | Plaintiffs: March 12, 2022<br><br>Defendants: May 13, 2022 |
| Deadline to Depose Defendants' Experts | Plaintiffs: March 19, 2022<br><br>Defendants: May 13, 2022 |
| MSJ Pre-Filing Conference | Plaintiffs:  Tuesday, March 22, 2022 at 2:00 p.m.<br><br>Pre-Filing Conference Letter Due<br>- Moving Party Friday, March 11, 2022<br>- Opposition Party Wednesday, March 15, 2022<br><br>Defendants: Tuesday, May 17, 2022 at 2:00 p.m. |

JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

| | Pre-Filing Conference Letter Due<br>- Moving Party Friday, May 6, 2022<br>- Opposition Party Wednesday, May 11, 2022 |
|---|---|
| MSJ/MSA and Daubert Motions filed by: | Plaintiffs: April 8, 2022<br><br>Defendants: June 28, 2022 |
| Oppositions to MSJ/MSAs and Daubert Motions filed by: | Plaintiffs: May 13, 2022<br><br>Defendants: Friday, July 12, 2022 |
| Replies to MSJ/MSAs and Daubert Motions filed by: | Plaintiffs: Friday, May 20, 2022<br><br>Defendants: Friday, July 19, 2022 |
| Hearing date on MSJ/MSAs and Daubert Motions | Plaintiffs: Tuesday, June 14, 2022 at 2:00 p.m.<br><br>Defendants: Tuesday, August 2, 2022 at 2:00 p.m.<br><br>per Court's availability) |

## 18.  Trial

The Parties have requested a jury trial, which the Parties anticipate will last 15 to 20 Court days.  This estimate may need to be revisited at the Pretrial Conference when there will be clarity as to the number of defendants remaining.

**19. Disclosure of Non-party Interested Entities of Persons**

Defendants have or will have complied and served their respective Certificates of Interested Entities or Parties pursuant to Federal Rules of Civil Procedure, Rule 7.1, and Local Rules 7.1-1 and 3-15.

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

The Parties consent to, and respectfully request the Court as part of its Scheduling Conference Order include, a provision to allow the Parties to set-up a File&ServeXpress account. The Parties have agreed that electronic service is equal to personal service so long as documents are served on or before midnight Pacific Time. The fact that the Parties have consented to electronic service via File&ServeXpress shall not prevent any party from serving any document or pleading in a manner consistent with the Federal Rules of Civil Procedure.

Dated: September 22, 2021                    DEAN OMAR BRANHAM SHIRLEY, LLP


                                             By:   */s/ Jordan Blumenfeld-James*
                                                   Jordan Blumenfeld-James
                                                   Attorney for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE BY ELECTRONIC FILING**</u>
***Shelton, et al. v. Air Liquid Systems Corporation, et al.***
**U.S. District Court, Northern District of California**
**Case No. 4:21-cv-04772-YGR**

I declare that I am over the age of eighteen (18) and not a party to this action.  I am an employee of Dean Omar Branham Shirley, LLP, Counsel for Plaintiffs.  My business address is 302 N. Market Street, Suite 300, Dallas, Texas 75202.

On the date below, I served the following entitled document:

**JOINT RULE 26(F) REPORT AND**
**INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**

by electronic service via the Electronic Court Filing System (ECF) on all parties opting for e-service and is available for viewing and downloading form the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2021 at Dallas, Texas.

*/s/ Chelsea Weeks*
Chelsea Weeks